UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                    Case No. 1-09-40201-dem


ADELAIDE C. CHAMBERS,                          Chapter 13



                        Debtor.
----------------------------------------------------------x

### DECISION AND ORDER DENYING APPLICATION
### TO EXTEND THE  AUTOMATIC STAY

        In this Chapter 13 proceeding, Adelaide C. Chambers (the "debtor")  has filed an

application for the issuance of an order extending the automatic stay pursuant to Section

362(c)(3)(A) of the Bankruptcy Code (the"Application").  For the reasons set forth below, the

Application is denied.

        The facts underlying the Application are not in dispute.  This is the debtor's

second petition in bankruptcy.  On June 26, 2008, the debtor, proceeding pro se, filed a voluntary

petition for relief under Chapter 13 of the Bankruptcy Code.  Case No.: 1-08-44074-dem (the

"First Case").  On July 23, 2008, the debtor filed an application for the voluntary dismissal of the

First Case.  On July 23, 2008,  the Court entered an Order dismissing the First Case and on July

31, 2008 the First Case was closed.  On January 14, 2009, the debtor, proceeding pro se, filed a

voluntary petition for relief under Chapter 13 of the Bankruptcy Code.  Case No.: 1-09-40201-

dem (the "Second Case").  On February 12, 2009, the debtor filed the Application, which, as

described above, seeks an Order extending the automatic stay of Section 362 of the Bankruptcy

Code.

Section 362(c)(3) governs the applicability of the automatic stay under the

circumstances presented in this case.   Section 362(c)(3)(A) provides in pertinent part:

> (c) Except as provided in subsections (d), (e), (f) and (h)
> of the section --
>
> (3) if a single ... case is filed by ...  a debtor who is an individual
> in a case under chapter ... 13, and if a single ... case of the debtor
> was pending within the preceding 1-year period but was
> dismissed [.].. --
>
> (A) the stay under subsection (a) with respect to any act taken
> with respect to a debt or property securing such debt ... shall
> terminate with respect to the debtor on the 30th day after the
> filing of the later case [.]

Thus, Section 362(c)(3)(A) provides that the automatic stay came into effect on the date of the

filing of the Second Case.  However, Section 362(c)(3)(A) provides that this stay shall terminate

on the 30th day after the filing of the Second Case; here, that would mean that the automatic stay

must terminate on February 13, 2009, unless otherwise extended.

As noted above, on February 12, 2009, the debtor filed an application to extend

the automatic stay.  Section 362(c)(3)(B ) allows the Court to extend the stay in particular cases

and provides in pertinent part:

> (B) on the motion of a party in interest for continuation of the
> automatic stay and upon notice and a hearing, the court may
> extend the stay in particular cases as to any and all
> creditors ... after notice and a hearing completed before the
> expiration of the 30-day period only if the party in interest
> demonstrates that the filing of the later case is in good faith
> as to the creditors to be stayed.

The Application must be denied due to the debtor's failure to provide

appropriate notice to meet the statute's requirement of "notice and a hearing."[1]  See In re Taylor,

334 B.R. 660 (Bankr. D. Minn. 2005).  The debtor filed the Application on February 12, 2009.

The notice which the debtor provided is deficient both with regard to identifying the number and

identities of the creditors to be stayed and the length of time in advance of the hearing.  The

Application failed to list the creditor(s) against whom extension of the automatic stay was

sought, and was filed on the 29th day of the 30 day period.   No creditor has had the opportunity

to review the Application, evaluate its options and respond, either in support or opposition to the

Application, as it chose.  Had the debtor filed the petition earlier, a hearing on the debtor's

application could have been held and the Application determined prior to the expiration of the 30

day period.  The debtor's delay in seeking this relief in effect could result in an extension of the

automatic stay not based on the merits but solely because of the debtor's calculated timing.

Moreover, hearing and deciding the Application in this 24-hour period would have denied due

process to all parties that would have been affected by the granting of the relief sought.

The Application is denied in all respects.

IT IS SO ORDERED.

Dated: Brooklyn, New York
         February 13, 2009

S/Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge

---

[1]  Section 102(1) of the Bankruptcy Code provides in pertinent part:

(1) "after notice and a hearing", or a similar phrase –
(A) means after such notice as is appropriate in the particular
circumstances, and such opportunity for a hearing as is
appropriate in the particular circumstances [.]....

To:    Adelaide Chambers
       Debtor Pro Se
       186-47 Jordan Avenue
       Jamaica, NY 11412

       Michael J. Macco, Esq.
       Chapter 13 Trustee
       135 Pinelawn Road, Suite 120 South
       Melville, New York 11747